UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:06-cv-00384-JHN-OPx | Date | November 8, 2010 |
|---|---|---|---|
| Title | Ernie Ball Inc v. Earvana | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**   **ORDER OF JUDGMENT IN FAVOR OF PLAINTIFF**   (In Chambers)

**I.   PROCEDURAL BACKGROUND**

This case arises out of three patents directed at improving the tuning of string instruments, including electric guitars and acoustic guitars.  Defendant Earvana, LLC and its inventor, Richard J. LoJacono, owns U.S. Patent No. 5,481,956 ("'956 patent"), which is entitled Apparatus and Method of Tuning Guitars and the Like.  Defendant applied for the '956 patent on March 7, 1994, and the patent issued on January 9, 1996.  Plaintiff Ernie Ball, Inc. owns U.S. Patent No. 6,433,264 ("'264 patent"), which is entitled Compensated Nut for a Stringed Instrument.  Plaintiff applied for the '264 patent on November 25, 1998, and the patent issued on August 13, 2002.  Defendant also owns U.S. Patent No. 6,583,346 ("'346 patent"), which is entitled Stock-Like Sinusoid Members for Tuning a Guitar.

Plaintiff filed its Complaint on April 7, 2006, bringing claims for: (1) patent infringement, (2) statutory unfair competition and business practices in violation of California Business and Professions Code § 17200 et seq., and (3) common law unfair competition.  (Docket no. 1.)  Defendant filed an Answer and several counterclaims.  (Docket no. 7.)  On July 20, 2009, the late Florence-Marie Cooper issued an Order Granting Plaintiff Partial Summary Judgment on its patent infringement claim and against Defendant's counterclaims.  (Docket no. 90.)  On September 17, 2009, Judge Cooper modified her Order solely to permit an affirmative defense of inequitable conduct to be presented at trial.  (Docket no. 96.)  On November 2–3, 2010, the Court held a bench trial in the instant matter to determine whether the inequitable conduct defense applied to the patent infringement claim, and to adjudicate the unfair competition claims.

**II. THE UNFAIR COMPETITION CLAIMS**

Plaintiff contends that Defendant engaged in unfair competition by using Plaintiff's trade secrets to create competing copy products and selling the products to others.  Plaintiff has not alleged their cause of action for unfair competition under the right doctrinal rubric because it should have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:06-cv-00384-JHN-OPx | Date | November 8, 2010 |
|---|---|---|---|
| Title | Ernie Ball Inc v. Earvana | | |

brought pursuant to the Uniform Trade Secrets Act ("UTSA") Cal. Civ. Code § 3426.1.  In California, claims for common law and statutory unfair competition are preempted under the UTSA when they rely on facts related to misappropriation.  *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc*., 171 Cal. App. 4th 939, 961 (2009); *see also Silvaco Data Sys. v. Intel Corp*., 184 Cal. App.4th 210, 240–41 (2010) ("Silvaco alleged that 'Defendants, and each of them, engaged in unfair and unlawful business practices in violation of . . . Sections 17200 et seq. of the California Business and Professions Code  including, but not limited to the misappropriation and use of SILVACO trade secrets.'  The count thus sounded in misappropriation of trade secrets and stated no basis for relief outside of CUTSA.").

Accordingly, the Court finds in favor of Defendant on Plaintiff's Unfair Competition Claims.

**II. INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE TO PATENT INFRINGEMENT**

"To prove that a patent is unenforceable due to inequitable conduct, the alleged infringer must provide clear and convincing evidence of (1) affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information and (2) an intent to deceive." *Impax Labs., Inc. v. Aventis Pharm Inc.*, 468 F.3d 1366, 1374 (Fed. Cir. 2006).  Here, in order to show Plaintiff made an affirmative misrepresentation of a material fact—that Mr. Gimpel and Mr. Lindauer were not the inventors—Defendant must provide evidence that Mr. LoJacono invented the compensated nut claimed in the '264 patent, and shared this information with Mr. Gimpel or Mr. Lindauer.

Defendant has not met this burden.  During his trial testimony, Mr. LoJacono conceded that what Mr. Gimpel saw at the 1994 meeting is contained in the '956 patent.  It is also undisputed that Plaintiff disclosed the '956 patent to the Patent and Trademark Office ("PTO") during its application for the '264 Patent.  Thus, there is no misrepresentation or failure to disclose.  Further, it appears to the Court that the red guitar contains an adjustable nut that, while not in a perfect sinusoidal configuration, is certainly not non-sinusoidal in nature—which is the nut that the '264 patent covers.  Moreover, even assuming that the adjustable nut in the red guitar shown to Mr. Gimpel during the 1994 meeting was in a non-sinusoidal position, there is no evidence that Plaintiff used this as the springboard for their '264 Patent, much less that Defendant was the actual inventor of the '264 Patent.  Indeed, Defendant's prototype nuts produced during Mr. LoJacono and Mr. Walseth's research and development process were all sinusoidal.  Furthermore, Plaintiff has presented credible testimony from Mr. Gimpel and Mr. Lindauer about their own research and development methods that led to the creation of the '264 Patent.

Defendant has proven neither an affirmative misrepresentation on the part of Plaintiff, nor an intent to deceive, and has therefore failed to sustain its burden of showing by clear and convincing evidence that inequitable conduct occurred.  Accordingly, the Court finds in favor of Plaintiff on the patent infringement claim.

**III.  DAMAGES**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:06-cv-00384-JHN-OPx | Date | November 8, 2010 |
|---|---|---|---|
| Title | Ernie Ball Inc v. Earvana | | |

      The Patent Act provides that, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 28 U.S.C. § 284.  Plaintiff also seeks treble damages pursuant to 35 U.S.C. § 284, which provides that a "court may increase the damages up to three times the amount found or assessed."  The Federal Circuit identifies several factors that courts may consider when determining whether an infringer has acted in bad faith and whether damages should be increased: "(1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) "whether defendant attempted to conceal its misconduct." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation and quotation marked omitted).  Plaintiff bears the burden of proving willfulness by clear and convincing evidence.  *See Gustafson, Inc. v. Intersystems Indus. Prod., Inc*., 897 F.2d 508, 510 (Fed. Cir. 1990).  In the instant matter, the Court finds that Plaintiff has not met its burden of showing that Defendant acted in bad faith, given that Defendant also invented a compensated nut, albeit not a non-sinusoidal one.  In addition, the small size of Defendant's business make additional damages excessive.  Accordingly, the Court awards Plaintiff reasonable royalties that resulted from the infringement in this instance.

      Plaintiff also seeks attorney fees in this matter.  The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  For the above-stated reasons, this is not such an exceptional case and the Court declines to award attorney fees.

### IV. Proposed Findings of Fact and Conclusions of Law

      Plaintiff is hereby ordered to submit proposed findings of fact and conclusions of law, as well as calculation of reasonable royalties, in keeping with this order, no later than November 15, 2010.

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |